## SHUBERT et al. v. ANGELES.

(Supreme Court, Appellate Division, First Department. February 6, 1903.)

1. CONTRACT—DEFINITENESS AS TO TIME.
    A contract by an actress for the season of a play to commence May 12, 1902, was not so indefinite as to be unenforceable, it appearing from a provision as to performance during Christmas week that it was not for the summer season of 1902 merely.

2. INJUNCTION PENDENTE LITE—TERMS.
    Injunction restraining breach of the contract pendente lite, or until further order of court, is too broad, and should be modified so as not to continue beyond the close of the season commencing May 12, 1902, and in no event beyond June 1, 1903.

Appeal from special term, New York county.

Action for an injunction by Sam S. Shubert and others against Aimee Angeles. From an order continuing an injunction pendente lite, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

A Rosenthal, for appellant.

A. H. Hummel, for respondents.

PATTERSON, J. The defendant was an actress under contract with the plaintiffs for the season of a certain play. She was employed because of her special talent as a mimic or imitator of other actresses and of actors. She broke her contract with the plaintiffs, apparently without reasonable cause. Her desertion of the plaintiffs caused them great inconvenience and damage, and her appearing in a rival company performing her specialties with such company would seriously affect the plaintiffs' play and their receipts. Sufficient facts were shown by the affidavits submitted on this motion to authorize the court at special term to continue the preliminary injunction. The defendant entered into the contract with the plaintiffs voluntarily. That contract is not so indefinite as to the time of her engagement as to be unenforceable. It was for the season of a play to commence on the 12th of May, 1902, and which, according to the affidavit of the plaintiff Shubert, would terminate May 1 or June 1, 1903. That it was intended to extend beyond the summer season of 1902 is plain from the provision as to performance during the week before Christmas. It was evidently for the theatrical season running into the year 1903. Nor are the provisions obligatory on the defendant so harsh and inequitable that they will not be enforced by a court of equity. The injunction, as granted, does not prevent the defendant from performing as an actress, but only from making certain imitations or mimicking other actresses and actors. But the injunction is entirely too broad. It restrains the defendant during the pendency of the suit and until the further order of the court. When the action will be tried, cannot be foretold. The contract may expire long before such trial, and when it expires the defendant should be at full liberty to play her parts as she pleases, without the necessity of applying to the court for leave.

The injunction should be modified by inserting therein a provision that it is not to continue beyond the close of the present theatrical season, and not longer, in any event, than June 1, 1903, and, as so modified, it is affirmed, without costs. All concur.